## JOHN G. BALDWIN

### *v.*

## THE CITY OF CHICAGO.

1. ORDINANCE—*closing a saloon.* The defendant was convicted for keeping open a bar room between midnight and 5 o'clock A. M., in violation of an ordinance. It appeared that his main business was the keeping of a restaurant or eating house, and that he kept his place of business open after midnight, but did not sell any liquor after that hour, he having closed his bar by drawing a curtain around it before that hour: *Held,* that the conviction was proper.

2. APPEAL—*by city in suit for violating ordinance.* Where a city charter provided that appeals, etc., should be allowed and might be "taken from police justices in all cases, in the same manner as before other justices of the peace": *Held,* inasmuch as a suit for the violation of an ordinance was a civil proceeding in form, and only *quasi criminal* in its character, the city, as well as the defendant, had the right of appeal.

APPEAL from the Criminal Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. E. G. ASAY, and Mr. W. L. HIRST, for the appellant.

Mr. I. N. STILES, and Mr. JOHN LEWIS, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The judgment of which appellant complains was rendered for the violation of an ordinance of the city of Chicago, which is in these words:

"That any person who shall, in said city, keep open any saloon, bar room or tippling house during the night time

between the hours of 12 o'clock midnight and 5 o'clock A. M., shall be subject to a fine of not less than $20 nor more than $100 for each offense."

The evidence in the case is embodied in this stipulation, signed by the attorneys of the respective parties:

"In this case it is stipulated and agreed that the defendant is a restaurant and saloon keeper in said city; that his main business is to provide meals to boarders and transient persons, and that he sells liquors and is duly licensed so to do.

"That he kept open his place of business after the hour of 12 at midnight, for serving meals only.

"And that he did not sell liquor after midnight, but that he did serve meals; that before the hour of 12 he closed his bar, by means of drawing a curtain around it, and thus shut it out of view, and did not open it until after 5 in the morning.

"That the charge against him is, a violation of the ordinance known as the ordinance requiring the closing of saloons at 12 o'clock midnight until 5 o'clock in the morning. It is also agreed that the plan filed herewith is a correct representation of the place of business of said Baldwin.

"It is further stipulated and agreed that, if the court shall find for the plaintiff, a judgment shall be entered for $20 and costs."

The prosecution was commenced and the case tried before a police justice, where judgment was rendered in favor of appellant, from which appellee appealed to the criminal court.

It is argued that the judgment should be reversed because no appeal lies at the instance of appellee in such cases.

It is provided in the charter of the city that "appeals and changes of venue shall be allowed and may be taken from police justices in all cases, in the same manner as before other justices of the peace." Tuley's Laws and Ordinances of Chicago, 512, secs. 1 and 4. Inasmuch as this is a civil proceeding in form, and only *quasi criminal* in its character, we are of opinion that the right of appeal is conferred on appellee

as well as on appellant. See *Graubner* v. *Jacksonville*, 50 Ill. 87.

No objection is urged, and none is apparent, to the reasonableness of the ordinance under which appellant was convicted. It is contended, however, that the facts admitted in the stipulation do not constitute a violation of the ordinance ; that liquor selling is but an incident to the business of appellant, and that if this conviction shall be sustained, it must follow that hotels, drug stores, and every business carried on in the city, in which liquor selling is an incident to, but not the main business, will fall within the restrictions of the ordinance. We do not perceive that this result must necessarily follow. That it may follow in some cases is probable, but when it does, it must be because those who own or control hotels, drug stores, etc., shall choose to conduct their entire business in their saloons, bar rooms or tippling houses. When, however, they shall keep their saloons, bar rooms or tippling houses in one room, and conduct their other business in separate rooms, we think the closing of this branch of business at midnight can be effectually done without interfering in the slightest degree with their other business.

We have no question but the court below decided correctly in holding that the language of the ordinance extends to the room in which the saloon, bar room or tippling house is kept, and that the mere drawing of a curtain across the portion of the room thus occupied is too transparent a subterfuge to answer the requirement of the ordinance that the saloon, tippling house or bar room shall be closed. To our minds it is clear that the terms used apply to and include the room in which the business is carried on. The object of the ordinance is manifestly not merely to stop drinking at that hour, but also to compel those who are inclined to collect and tarry at such places, to then depart.

Such ordinances are for the promotion of the quiet and good order of the city, and it is important that they should be so construed and enforced as to accomplish, as far as may be

reasonably practicable, the end had in view in their adoption. We perceive no cause for disturbing the judgment below, and it is therefore affirmed.

*Judgment affirmed.*