Town of Greenfield v. Mook.

## Town of Greenfield
### v.
### Philip G. Mook.

1. When penalty of ordinance exceeds grant of power in charter.—Where the charter of a town limited the fine to be imposed for a violation of the ordinances to a sum not exceeding fifty dollars for each offense, while an ordinance, prohibiting the sale of intoxicating liquors, fixed the penalty for violation at not less than twenty nor more than one hundred dollars. *Held*, that the minimum of twenty dollars is directly within the grant of power in the charter. The maximum so far as it exceeds fifty dollars, is void for want of authority; but any fine imposed within these prescribed limits is authorized both by the charter and ordinance.

2. Suit for violation of ordinance, civil in form—Right of appeal.—A suit for a violation of an ordinance is a civil proceeding in form and only *quasi* criminal in its character, and a city as well as an individual has the right of appeal in such case.

3. Defective appeal bonds.—The appeal bond sent up by the justice in this case, was clearly defective and the court below erred in not entering a rule requiring appellee to file a sufficient bond by a day named therein, and in default of compliance therewith, dismissing the appeal.

Appeal from the Circuit Court of Greene county; the Hon. C. Epler, Judge, presiding. Opinion filed January 16, 1883.

Mr. W. M. Ward, for appellant; that the ordinance is val-

id except as to the maximum penalty, cited Baker v. Normal, 81 Ill. 108; Hinge v. The People, 92 Ill. 406; East St. Louis v. Kase, 9 Bradwell, 409; Harbaugh v. Monmouth, 74 Ill. 367; Chicago v. Quinby, 38 Ill. 274.

An ordinance discriminating in granting licenses is valid: Crotty v. The People, 3 Bradwell, 465.

Had appellee been dealing legitimately in liquors and applied for a permit, he would have been entitled to one under the ordinance: Noecker v. The People, 91 Ill. 468; Wright v. The People, 101 Ill. 126.

As to the proof of publication: Moss v. Oakland, 88 Ill. 109.

Mr. JAMES R. WARD, for appellee; that this is a *quasi* criminal case, cited Naylor v. Galesburg, 56 Ill. 287; Day v. Dinton, 6 Bradwell, 479; Laws 1879, p. 70.

As to the right of appeal from justices of the peace in criminal cases and in penal prosecutions: R. S. 1881, Chap. 38, § 389; Edwards v. Vandemack, 13 Ill. 634; Clark v. The People, Breese, 340; Ward v. The People, 13 Ill. 637; President v. McKernan, 54 Wis. 487; Benuan v. The People, 101 Ill. 323; The People v. Peggy Royal, 1 Scam. 557; The People v. Dill, 1 Scam. 257; The People v. Neill, 74 Ill. 68; Zanone v. Mound City, 103 Ill. 555; Harris v. Supervisors, 15 Chicago Legal News, 93.

A town can not delegate its discretion and authority to take an appeal, to the mayor and city clerk alone: East St. Louis v. Wehrung, 50 Ill. 31; Kinmundy v. Mahan, 72 Ill. 464; People v. Crotty, 93 Ill. 188.

Plaintiff having failed to ask leave and give a good and sufficient appeal bond with a surety, the appeal should have been dismissed: Warren v. Wright, 3 Bradwell, 421; B. M. & M. Co. v. Pulling, 89 Ill. 59; Louis v. Shear, 93 Ill. 123.

All penalties and provisions not embraced in the amendment to this ordinance, are excluded and repealed: The People v. Young, 38 Ill. 491; Naylor v. Galesburg, 56 Ill. 287; Culver v. Third Nat. Bank, 64 Ill. 534; Wilson v. O. & M. R. R. Co. 64 Ill. 545; Booth v. Carthage, 67 Ill. 105; Devine v.

Town of Greenfield v. Mook.

Com'rs, 84 Ill. 595; Jefferson v. The People, 87 Ill. 505; I. & M. Canal v. Chicago, 14 Ill. 335; Hinge v. The People, 92 Ill. 423.

By the charter the town has power to declare what shall be deemed a nuisance and to abate and remove the same and punish the authors: Goddard v. Jacksonville, 15 Ill. 589; Harbaugh v. Monmouth, 74 Ill. 367.

The judicial department can not assume the powers and functions of the legislative: Galesburg v. Hawkinson, 75 Ill. 159.

The charter does not give the town authority to regulate the business and duties of druggists and physicians: Cairo v. Bross, 101 Ill. 475; Caldwell v. Alton, 33 Ill. 417; Peck v. Lockwood, 5 Day, 221; Hayden v. Noyes, 5 Conn. 391; Bowling v. West, 29 Wis. 315; Clinton v. Phillips, 58 Ill. 103; Sullivan v. Oneida, 61 Ill. 243; Rulinson v. Post, 79 Ill. 567; Trustees v. The People, 87 Ill. 303; Tugman v. Chicago, 78 Ill. 405; Zanone v. Mound City, 103 Ill. 557.

The penal part of a statute may be void and yet the remainder of the section be valid: Ely v. Thompson, 3 Marshall, 73; Meshiemer v. State, 11 Ind. 484; Lynch v. Economy, 27 Ind. 71.

When the penal part of a statute is not absolute but fixes a maximum and minimum penalty, the destruction of one part destroys the whole penal provision: Pekin v. Smelzel, 21 Ill. 469.

HIGBEE, J. This was a prosecution by the town of Greenfield to recover a penalty for violation of an ordinance of said town prohibiting the sale of intoxicating liquors.

The trial court refused to admit the ordinance in evidence in behalf of appellant for the reason, as alleged, that it was not authorized by the charter of the town.

The charter provides that "in no case shall the fine or forfeiture exceed the sum of fifty dollars for any single offense." Section one of the ordinance offered in evidence, prohibits the sale of intoxicating liquors within the corporate limits without a license, and provides that whoever shall violate the same

shall be deemed guilty of a nuisance and shall be fined not less than twenty nor more than one hundred dollars.

There is no question that the town had the power, under the charter, to prohibit the sale of intoxicating liquors and to punish the act of selling as a nuisance; but the real point of contention is, that the first section of the ordinance offered in evidence is *ultra vires* and void, for the reason that the charter limits the fine to be imposed for a violation of the ordinances to a sum not exceeding fifty dollars for each offense, while the ordinance fixes the penalty at not less than twenty nor more than one hundred dollars.

It is very clear that so much of the ordinance as authorizes a fine in excess of that named in the charter is void; but does this render the whole ordinance void ? In Kettering v. City of Jacksonville, 50 Ill. 39, it was insisted that the ordinance was void because it not only prohibited the sale of liquor by retail, but by wholesale, which, it was claimed, was in excess of the power conferred. The prosecution was for the sale of beer by the glass in a saloon, and the court said, " The facts which are presented by the record not only show a violation of the terms of the ordinance, but a violation of such a character as to be clearly within the constitutional reach of the city prohibition. The ordinance may be too comprehensive in its provisions and cover cases which the city has no power to control, but that is no reason why we should refuse to enforce it in cases over which the power of the city is unquestionable."

In Harbaugh v. The City of Monmouth, 74 Ill. 367, it was held that an ordinance embracing sales that the council had no power to prohibit, could be enforced to the full extent that the city council had the power to legislate on the subject.

In The City of Keokuk v. Dressell, 47 Iowa, 598, the defendant was convicted of selling without a license and adjudged to pay a fine of twenty-five dollars, and in default of payment to be committed to the city prison at hard labor at the rate of one dollar and fifty cents per day until the fine be paid. The ordinance under which the defendant was convicted pro-

Town of Greenfield v. Mook.

vided that upon conviction he might be imprisoned until his fine should be discharged by allowing him twenty cents a day, or at hard labor at the rate of one dollar and fifty cents per day. This conviction was by the Recorder's Court of the city on information of an individual, and it was insisted that the ordinance was in conflict with the Bill of Rights which secured the citizen from punishment in excess of a fine of one hundred dollars, or imprisonment for thirty days, except on present-ment or indictment by a grand jury. In deciding the question presented, the court said, "The ordinance, while it provides for imprisonment which may be in excess of the time prescribed by the Constitution provides also for punish-ment authorized by that instrument. Its provisions are not void, for they are not necessarily in conflict with the Consti-tution. They may be enforced until they reach the limit of the punishment prescribed in the Constitution."

In view of these authorities we are not inclined to hold the ordinance offered in evidence as wholly void. So far as it ex-ceeds the authority conferred by the charter it is unquestion-ably *ultra vires;* but to the extent of the authority conferred, no good reason is perceived why it may not be enforced.

The power conferred by the charter is to punish by fine not exceeding fifty dollars. The minimum of twenty dollars is di-rectly within the grant of power. The maximum so far as it exceeds fifty dollars is in excess of it; but any fine imposed within these prescribed limits is authorized both by the charter and ordinance.

Appellee assigns upon the record for cross-error the action of the circuit court in overruling his motion to dismiss the appeal. It is first contended that no appeal would lie from the judgment of the justice of the peace in behalf of appellant, because the same was, in effect, a criminal proceeding. This objection was considered in the case of Baldwin v. The City of Chicago, 68 Ill. 418, where it was held that a suit for the vio-lation of an ordinance was a civil proceeding in form and only *quasi* criminal in its character, and that the city, as well as the defendant, had the right of appeal.

It is also contended, that the appeal bond was defective and

that the motion should have been sustained for that reason. The appeal bond sent up by the justice was clearly defective, and we think the court erred in not entering a rule requiring appellee to file a sufficient bond by a day named therein, and in default of compliance therewith the appeal should have been dismissed. Wear v. Kelleen, 38 Ill. 259.

The order of the circuit court overruling the motion to dismiss and the final judgment are reversed and the cause remanded, for such further action by the court as is consistent with the views herein expressed.

Reversed and remanded.