(No. 34073.—

THE VILLAGE OF MAYWOOD, Appellant, *vs.* HARLAN HOUSTON, Appellee.

*Opinion filed November 26, 1956—Rehearing denied Jan. 23, 1957.*

LOUIS ANCEL, of Chicago, (JACK M. SIEGEL, HOWARD B. BRYANT, and ROBERT E. GRUNDIN, of counsel,) for appellant.

STEPHEN JURCO, of Chicago, (GERALD M. CHAPMAN, of counsel,) for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

In a justice of the peace court in Cook County, the defendant, Harlan Houston, was found not to have violated an ordinance of the Village of Maywood regarding the maintenance of trailer camps. The village appealed to the criminal court of Cook County, but on motion of the defendant, its appeal was dismissed. A construction of the Illinois constitution being involved, the appeal comes directly to this court.

The issues raised on the motion to dismiss, and on this appeal, are as follows: (1) Does the village of Maywood have a right to appeal the justice court decision? Incidental to this question is whether the constitutional prohibition of double jeopardy bars a new trial. (2) Was the appeal properly taken to the criminal court of Cook County?

The ordinance provides as follows: "It shall be unlawful for any person to maintain or operate any plot of

ground as a trailer camp for human habitation within the village." The penalty prescribed for violation thereof is a fine not to exceed $200. The defendant was charged with violating this ordinance, but was found not guilty by a justice of the peace court jury.

The case raises anew the question of whether a proceeding of this kind is to be considered a civil or a criminal case. The following is a succinct summary of the applicable Illinois cases: "An action to recover penalties for violation of city ordinances or regulations is civil in form, although quasi-criminal in character. The action ordinarily is termed a civil action, and not a criminal prosecution, although it has been stated that it may more properly be designated as quasi-criminal." 10 I.L.P., Cities, Villages, etc., sec. 1193.

The proceeding is not strictly or exclusively civil or criminal, but resembles both in some respects. For this reason, problems in this area cannot be solved by a mere labeling process, and the decisions of the courts, in Illinois and elsewhere, do not always have apparent logical consistency. Approaches have varied, as have the results; but for the most part, at least in this State, the more common questions have been resolved.

Turning first to the right of a city or village to appeal from an adverse decision, we find such a right has long been recognized. (See, *e.g.*, *Baldwin* v. *City of Chicago*, 68 Ill. 418; *Knowles* v. *Village of Wayne City*, 31 Ill. App. 471; *Town of Greenfield* v. *Mook*, 12 Ill. App. 281. See, *City of Chicago* v. *Lord*, 7 Ill.2d 379.) This comment of the court in the *Baldwin case* is typical: "Inasmuch as this is a civil proceeding in form, and only *quasi criminal* in its character, we are of opinion that the right of appeal is conferred on appellee as well as on appellant." (68 Ill. 418, 419-20.) This rule is followed generally in analogous proceedings to recover a penalty. See *People* v. *Blue Mountain Joe*, 129 Ill. 370; *People* v. *Gartenstein*,

248 Ill. 546; McQuillin, Municipal Corporations, sec. 27.65.

By thus recognizing a municipality's right to appeal an adverse decision in a case to collect an ordinance violation penalty, the courts have by implication rejected a claim of double jeopardy were the case to be remanded for a new trial.

The Illinois constitutional prohibition against double jeopardy provides as follows: "No person shall be compelled in any criminal case to give evidence against himself, or be twice put in jeopardy for the same offense." (Illinois constitution, art. II, sec. 10.) "Jeopardy, in its constitutional or common-law sense, has a strict application to criminal prosecutions only." (15 Am. Jur., Criminal Law, sec. 360.) As stated in a similar case, "the charge upon which defendant was arrested was not criminal in the sense that they were an enforcement of general criminal laws." *People* v. *Riksen*, 284 Mich. 284.

In permitting an appeal for both sides, the reviewing courts of this State have emphasized the civil aspects of the proceeding, and in effect have said it is desirable that each party be accorded a fair trial free of prejudicial error, the same as in other civil cases. This was manifestly not an unreasonable conclusion to reach. *Palko* v. *State of Connecticut*, 302 U.S. 319, 82 L. ed. 288.

The remaining question is whether the appeal could be taken to the criminal court of Cook County, rather than to a circuit or superior court in that county.

The cases hold the appeal is to be taken to the criminal court. (*Bratsch* v. *People*, 195 Ill. 165; *Wiggins* v. *City of Chicago*, 68 Ill. 372; *People ex rel. Chicago Bar Assn.* v. *Feinberg*, 348 Ill. 549.) This is said to follow from that part of the constitution creating the criminal court of Cook County which provides: " * * * all recognizances and appeals taken in said county, in criminal and *quasi* criminal cases, shall be returnable and taken to said court." (Illinois constitution, art. VI, sec. 26.) While a proceed-

ing of the type under consideration is rarely, if ever, called a criminal case, it is often referred to as being quasi-criminal in character. See, *e.g., Naylor* v. *City of Galesburg,* 56 Ill. 285; *City of Chicago* v. *Dickson,* 221 Ill. App. 255.

Unlike the previous issue (whether a municipality can appeal at all in a case of this nature,) the course of the appeal does not materially affect the rights of either party. For whether it go to the criminal court or to the circuit court of Cook County is not important from a substantive standpoint. The important consideration is that the law be clear as to which court is to receive the appeal, so that the parties may promptly secure that review of the case to which they are entitled.

For the reasons stated, the criminal court of Cook County had jurisdiction of the cause, and it erred in dismissing the appeal.

The judgment of the criminal court of Cook County is reversed, and the cause is remanded to that court with directions to proceed in due course.

*Reversed and remanded, with directions.*