The **UNITED STATES** of America
v.
**Richard Eugene RAY.**
No. 67–CR–2–M.

United States District Court
W. D. Virginia,
Harrisonburg Division.
May 15, 1967.

218

Robert S. Irons, Asst. U. S. Atty.,
Roanoke, Va., for plaintiff.

S. Strother Smith, III, Charlottesville,
Va., for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

MICHIE, District Judge.

The salient facts in this criminal prosecution are not complicated. Richard Eugene Ray, the defendant, lives in Rockingham County approximately three hundred yards from the site of an illegal distillery owned by a man named Shifflett. In the early morning of September 9, 1963 a man was seen by a Virginia ABC investigator carrying a sack over his shoulder down the wooded path leading from Ray's house to the still. Fifteen minutes later, a man whose shape and profile were exactly like those of the man seen carrying the sack toward the still headed up the path in the opposite direction. This man was positively identified by the Virginia ABC investigator as being Richard Eugene Ray.

The next morning William Roberson, an agent of the Alcohol Tobacco Tax Division of the Treasury Department, was in hiding, watching near the scene, along with the same ABC investigator.

Roberson saw and heard the defendant yell a warning to Shifflett, the owner of the still, who had gone to the still site unaware that law enforcement officials were present. When he gave the warning, "Run, Floyd, Run", defendant Ray was somewhere in the path between the still and his house.

According to Shifflett, who testified for the defense, on the morning of September 9th he left the sack of jugs not far from Ray's house, beside the path leading to the still. He left the jugs there because he was late to work and wanted to carry certain water containers to the still before leaving. The next morning, Saturday, Shifflett discovered that one of the sacks had been carried to the still. He said he had not asked Ray to move these jugs, that Ray had never helped him at the still, but that Ray had stopped by the still for a drink once or twice on previous occasions. Shifflett thought Ray might have wanted a drink and gone to the still to get one, taking the jugs as he went as a favor. Whether this conjecture is correct or not, it is undisputed that the jugs did belong to Shifflett at the time they were taken to the still and not to Ray, the defendant.

■ From these facts and other evidence presented at his trial, there is no reasonable doubt that defendant did carry certain jugs in a sack to Shifflett's still on the morning of September 9th and that he knew for what purposes the jugs were intended to be used. The question presented is narrowed to whether defendant's carrying of these jugs constituted sufficient legal possession to uphold a conviction under 26 U.S.C. § 5686 (a). That section reads as follows:

It shall be unlawful *to have or possess* any liquor or property intended for use in violating any provision of this chapter * * * and every person so *having or possessing* or using such liquor or property, shall be fined not more than $5,000, or imprisoned not more than 1 year, or both. [Emphasis supplied]

Defendant's court-appointed counsel argues that "possession" of an object under this statute is more than merely holding or carrying it.

He cites Funk and Wagnalls Standard Dictionary which states:

To possess a thing is to have the ownership with control and enjoyment of it; to hold [custody of] a thing is to have in one's hand * * *; a man holds his friend's coat for a moment.

Among others, defendant cites the definition of "possession" given by Webster's New International Dictionary. It reads as follows:

Possession: Law. A fact or condition of a person's having such control of property that he may legally enjoy it to the exclusion of all others * * * law distinguishes custody where one does not exercise physical control for his own purposes, from possession.

With these two definitions as a starting point, counsel for defendant submits that since the jugs in question were owned by Shifflett, Ray merely had custody, not possession, of them when taking them to the still as a favor for Shifflett. I cannot accept this argument without at least examining what other courts have said about "possession" in similar situations. In McFarland v. United States, 273 F.2d 417 (5th Cir. 1960) the defendant was charged with illegal possession of a still. Finding that presence at the still was not enough to warrant a presumption of possession, the Court of Appeals accepted the district judge's definition of possession as being correct. He had said:

Possession of an unlawful still means that the defendant must have some dominion over the property, or some extrinsic circumstance that gives him the right to possess which includes control. It means having, holding or detention of property in one's own power or command. Ownership, whether rightful or wrongful, is not necessary to establish possession. Possession may be defined as having personal charge of, or exercising the rights of management or control over the property in question. Mere presence at

the scene of an unlawful distillery with nothing more doesn't constitute possession.

*McFarland,* supra at p. 419.

The Fifth Circuit gave its approval to this definition again in Barrett v. United States, 322 F.2d 292, 299 (5th Cir. 1963). Unfortunately for defendant, cases like these do not disprove that he had possession within the statute's meaning. He was not merely in the presence of the jugs. He was carrying them.

■ Courts have said consistently that one must have dominion and control to have possession of an object. See Williams v. United States, 361 F.2d 280, 282 (5th Cir. 1966) and cases cited therein. ("Possession means dominion or control over the property, the holding or detention of it or exercising the rights of management with respect to it.") Certainly it is not stretching the meaning of the English language to say that Ray had "dominion and control" over the jugs while he was carrying them to the still.

The Fourth Circuit has upheld convictions supported by less evidence relevant to possession than is present in the instant case. For example, in United States v. Brown, 284 F.2d 89 (4th Cir. 1960) the defendant was driving Johnson's automobile with Johnson as a passenger. Brown said at his trial that he knew nothing about the illegal whiskey found in the trunk when the two men were arrested. He said that earlier Johnson had placed the whiskey in the car while he, Brown, was asleep. Nevertheless, the court said:

> It requires no argument to show that there was abundant evidence to justify the finding that Brown was in possession of the illicit whisky with intent to defraud the United States.

*Brown,* supra at p. 90. See also United States v. Quinn, 315 F.2d 425 (4th Cir. 1963).

■■ Most of the argument in the instant case has been directed toward the meaning of "possession" under 26 U.S.C. § 5686(a). Even if defendant's argument that the evidence does not con-

stitute sufficient possession under this statute is correct and I am wrong in reaching the opposite conclusion, I still must find the defendant guilty as charged. It seems logical to assume that Congress did not intend to be tautological when it used "to have or to possess" in § 5686. Proceeding under this assumption, I must conclude that even if Ray did not "possess" the jugs in question, it is irrefutable that he "had" them.

In accord with the foregoing, I hereby find the defendant guilty as charged.