THE CITY OF CHICAGO, Plaintiff-Appellee, *v.* WALTER BAGNELL *et al.*, Defendants-Appellants.

(No. 59454;

First District (1st Division)—December 16, 1974.

Howard T. Savage, of Chicago (Howard O. Edmonds, of counsel), for appellants.

Richard L. Curry, Corporation Counsel, of Chicago (Daniel Pascale and Roseann Oliver, Assistant Corporation Counsel, of counsel), for appellee.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

Six defendants were separately charged with sale of allegedly obscene magazines. (Section 192.9, Municipal Code of Chicago.) After the hearing of evidence by the court without a jury, all were convicted. A fine of

232

$200 and costs was assessed against each defendant. All have appealed and the causes have been consolidated.

The contentions raised here, and therefore the issues before us, are identical with the companion cases entitled *People v. O'Neil* (Gen. Nos. 59453 and 59619), this day decided by us, with the sole exception that this case involves an ordinance of the city of Chicago and the other decision is concerned with a statute of the State of Illinois. We find no difference resulting from this.

The precise city ordinance in question here has been authoritatively considered, construed and held not subject to constitutional infirmity on the grounds advanced in the case before us. (*City of Chicago v. Geraci,* 46 Ill.2d 576, 264 N.E.2d 153, citing *City of Chicago v. Kimmel,* 31 Ill.2d 202, 201 N.E.2d 386.) Another decision, which involves an obscenity ordinance of the city of Blue Island and which reaches the same result on the constitutional issues, is *People v. DeVilbiss,* 41 Ill.2d 135, 242 N.E.2d 761.

We accordingly reach the same conclusion of validity regarding the applicable ordinance of the city of Chicago as we have with reference to the statute. All of the judgments here appealed from are affirmed.

Judgments affirmed.

EGAN, P. J., and BURKE, J., concur.