THE CITY OF PEORIA *et al.*, Plaintiffs-Appellants, *v.* HANSON HENDERSON *et al.*, Defendants-Appellees.

Third District   No. 75-6

Opinion filed June 30, 1976.

Emmett Lally and Howard Thomas, both of Peoria, for appellants.

Michael W. Heller, of Peoria, for appellees.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

In the circuit court of Peoria County Hanson Henderson and several other persons were charged with violating gambling ordinances of the City of Peoria. (Peoria Circuit Court Case Numbers 74 OV 4680-4681-4687-4697-4700-4701-4703, combined in the appellate court as Case Number 75-6.) Pursuant to leave granted, this appeal was briefed and argued with Appellate Court Case Number 75-94, the latter case having grown out of the same gambling raid but involving only State statute violations. However, the cases pending on review will be discussed and decided individually. The decision in the trial court was in favor of the defendants and the City has appealed.

With respect to the appeal by the City of Peoria from the adverse ruling on the ordinance violation charges, no question is presented concerning the propriety of the City's right to appeal since the proceedings are considered to be essentially civil in nature and only quasi-criminal. (*Village of Maywood v. Houston*, 10 Ill. 2d 117, 139 N.E. 2d 233.) In the ordinance violation proceeding the testimony of the police officers who conducted the raid was heard by the trial court sitting without a jury. At the close of the City's case the defendants moved for judgment in their favor. Their motion was granted.

Since there was no transcript of proceedings the evidence presented to and considered by the trial court has been presented to this court on a stipulation of facts. According to the evidence, during the early hours of September 8, 1974, armed with a warrant, the police vice and drug bureau conducted a raid on the Veteran's Club, a social establishment. Gaining entry to the club by following patrons, the officers proceeded through what was described as a dining and dancing room into the rear room of the club. Upon entering the rear room, the floor space of which was concededly smaller than the space used for dining and dancing in the front of the establishment, the police found a pool table which had a cord tied across it and on one end of which was a felt cloth with numbers on it.

The police also discovered dice, money and playing cards. Inside the room the police ordered the persons found therein to place themselves against the wall so they could be searched. Testimony at trial by one police officer was that when they entered the room "a hand" was "throwing dice." The same officer also testified "another hand" grabbed a quantity of currency from the table and the person "disappeared" in the direction of a corner of the room. There was no identification as to whose hand threw the dice or grabbed the money. The persons who were in the so-called back room were issued notices to appear in court. Subsequently they pleaded not guilty. There was no testimony concerning the activities or conduct of any of the defendants at or before they were arrested in the back room and there is no testimony concerning the relationship, if any, of the defendants to any of the activities going on in the back room or to the equipment located there.

On this appeal the plaintiff City argues the trial court erred because: (1) municipalities may prohibit persons from patronizing gambling houses; (2) evidence as to whether a place is a gambling place is, per se, circumstantial; (3) patronization of a gambling house may be shown without showing the establishment is used primarily for gambling purposes. From the briefs of the parties it appears there is no dispute concerning the power of the municipality to enact the ordinance involved and it is not disputed that violations of the ordinance may be proved by circumstantial evidence. Since the trial court made no rulings contrary to these propositions of law they do not form any basis for suggesting the trial court erred in its decision.

With respect to the City's third issue, *i.e.*, to show patronization of a gambling house one need not show the establishment is used primarily for gambling purposes, the defendants have no objection to this proposition as a general statement of law. However, the record again fails to support the City's claim that the trial court adopted any contrary proposition of law. In this respect it seems to be the City's argument that the trial court read into the ordinance a requirement that the premises be "primarily" used for gambling before there could ever be a violation of the ordinance.

In support of the court's action the defendants argue the trial court did not interpret the ordinance as requiring the premises be "primarily" used for gambling but took the view, on the basis of the circumstances of this case, that the nature of the use of the premises was relevant in determining whether the defendants were "patronizing" a gambling establishment or were merely persons present on the premises. Where, as in the instant case, there is an entire absence of evidence the defendants were gambling, were participating in any gambling activity, or were aiding or abetting in any gambling activity, it would appear the nature and extent of the activity taking place on the premises would be relevant

in determining whether the defendants were patrons of or patronizing the premises. Although there may be other evidence, circumstantial or direct, from which it may be inferred a person is patronizing a gambling establishment, the primary use of the premises may be relevant in determining whether the person is a patron. Accordingly, we believe the court properly considered what might have been the primary use of the premises in relation to its determination of whether the defendants were patrons. See *Flynn v. City of Springfield*, 120 Ill. App. 266, which by way of dicta intimates that presence alone on a single occasion on premises where gambling is occurring may not be considered actionable misconduct.

The City has relied principally on two cases, *People v. Perry*, 34 Ill. 2d 229, 215 N.E.2d 229, and *People v. Sterling*, 12 Ill. App. 3d 118, 298 N.E.2d 363. Each of these cases involves the charge of keeping a gambling house and sets forth the three requirements to support such a charge. They are: (1) that defendant owned, occupied or controlled the building; (2) that the building was used for purposes of gambling; (3) that the defendant knowingly permitted such use. According to the City these cases are authority for the proposition it is unnecessary to prove the building was being primarily used for gambling purposes in order to satisfy the second requirement of the foregoing test. We agree with the City's assertion but suggest this argument misses the point of the issue raised on this appeal. Even in a case where the defendant is charged with keeping a gambling establishment, the nature and extent of the use of the premises would be relevant to the third requirement of the test, namely, the knowledge of the owner of the premises. The presence of a person like the ownership of the premises requires more than some evidence of gambling activity to constitute actionable misconduct.

It is our conclusion the trial court did not err in considering the nature and extent of the use of the premises for gambling. Such facts were relevant to and supportive of the trial court's conclusion the City had failed to sustain its burden of proving the defendants had violated the ordinance.

For the foregoing reasons the judgment of the circuit court of Peoria County is affirmed.

Judgment affirmed.

STENGEL and BARRY, JJ., concur.