THE CITY OF SPRINGFIELD, Plaintiff-Appellant, *v.* BARBARA USHMAN, Defendant-Appellee.—THE CITY OF SPRINGFIELD, Plaintiff-Appellant, *v.* SALLY E. SMITH, Defendant-Appellee.

Fourth District   No. 15229

Opinion filed April 25, 1979.

Thomas P. Schanzle-Haskins, of Springfield, for appellant.

No appearance for appellees.

Mr. JUSTICE GREEN delivered the opinion of the court:

This case involves an appeal by a municipality from the judgment of a trial court imposing fines for violation of a municipal ordinance which fines were less than the minimum amount required to be imposed by the ordinance.

Following a bench trial in the circuit court of Sangamon County, defendants Sally E. Smith and Barbara Ushman were found guilty of violating an ordinance of the City of Springfield involving the sale of fireworks to persons not in possession of an authorized permit and fined

$100 each. The ordinance in question, as amended, provided that a fine imposed for violation thereof should not be less than $500 nor more than $1000. In imposing the fines, the trial court noted that the fine limits set by the ordinance were in excess of the maximum fine statutorily permitted.

The City appeals, contending that (a) the fine limits of the ordinance are valid as being established pursuant to its home-rule powers, and (b) the court erred in imposing fines less than the minimum set by the ordinance. ■■■ Defendants-appellees have filed no brief. In *People v. Athey* (1976), 43 Ill. App. 3d 261, 356 N.E.2d 1332, we noted that the failure of an appellee to do so does not require a *pro forma* reversal and that, as stated in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493, we may, if justice so requires, search the record to sustain the judgment of the trial court. Because of the unique and important issues involved here, we choose to consider the case on its merits.

Although the issue was not raised by the parties, we are required to first consider the question of whether we have jurisdiction to consider an appeal by a municipality from a judgment imposing a fine for violation of an ordinance of that municipality. The parties were directed to file supplemental briefs on this issue but only plaintiff has done so. ■■ The supreme court has long recognized the civil nature of municipal ordinance violation prosecutions and permitted appeals by municipalities from final rulings in such cases (*Village of Maywood v. Houston* (1956), 10 Ill. 2d 117, 139 N.E.2d 233; *Village of Park Forest v. Bragg* (1967), 38 Ill. 2d 225, 230 N.E.2d 868). This is consistent with article VI, section 6 of the Illinois Constitution of 1970 which authorizes an appeal as a matter of right to the appellate court from final judgments of a circuit court except in cases appealable directly to the supreme court and except from judgments of acquittal after a trial on the merits in criminal cases, neither of which is the case here. Supreme Court Rule 604(a)(1) (58 Ill. 2d R. 604(a)(1)) presents no bar to the instant appeal, its concern being those decisions from which "the State" may appeal in "criminal cases." The supreme court held in *Bragg* that a proceeding to prosecute for a municipal ordinance violation was not a criminal case within the meaning of that rule. ■■ The authorities are not clear as to whether a court of review may hear an appeal if a reversal would place the appellee in double jeopardy (see 21 Am. Jur. 2d *Criminal Law* §214 (1965)). Although under *Waller v. Florida* (1970), 397 U.S. 387, 25 L. Ed. 2d 435, 90 S. Ct. 1184, double jeopardy principles are applicable to municipal ordinance violation cases, we see no problem of double jeopardy here. As in *United States v. Wilson* (1975), 420 U.S. 332, 43 L. Ed. 2d 232, 95 S. Ct. 1013, reversal would not subject defendants to another trial. Neither would it subject defendants to additional punishment after they had already endured the punishment prescribed by law as in *Ex parte Lange* (1874), 85 U.S. (18 Wall.) 872, 21 L.

Ed. 872. That a reversal with a remand with directions to the trial court to impose a proper fine would not place defendants in double jeopardy is further indicated by *People ex rel. Ward v. Salter* (1963), 28 Ill. 2d 612, 192 N.E.2d 882, where the supreme court, in an original proceeding, ordered mandamus to issue to compel a trial court to (1) vacate a fine imposed in a criminal case in an amount less than the statutory minimum, and (2) impose a proper fine. Thus, if we determine that the fine imposed here was less than the minimum legally required, we can properly reverse and remand with directions to impose a proper fine, giving defendants credit for payments made on the original fine.

■ We conclude that we have jurisdiction to entertain the instant appeal.

The ordinance for which defendants were found to be in violation was amended on June 13, 1978, to increase to its present limits the amount of fine to be imposed for a violation. The trial court fined defendants $100 each. The offenses were shown to have occurred on July 4, 1978, and the complaint was filed on July 13, 1978. Because defendants have filed no briefs here, and in light of the novel question involved, we deem it appropriate to examine their contentions in the circuit court. There, they asserted that the underlying offense here is a petty offense and that section 5—9—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—9—1) provides that a fine for a petty offense cannot exceed $500. They also maintained that section 1—2—1 of the Illinois Municipal Code (Ill. Rev. Stat. 1977, ch. 24, par. 1—2—1) sets $500 as the maximum fine permissible for violation of a municipal ordinance.

Plaintiff is a home-rule unit and in support of the validity of the provisions of the ordinance providing for the fine, argues that it acted within those powers in enacting those provisions. Article VII, section 6 of the Illinois Constitution of 1970 authorizes home-rule units to exercise powers pertaining to governmental functions (section 6(a)), subject to various exceptions including the legislative power, upon a two-thirds vote, to prohibit exercise of certain powers (section 6(g)) and the legislative power to "provide specifically by law for the exclusive exercise by the state" of certain powers (section 6(h)) or to "specifically limit the concurrent exercise" of those powers with the state (section 6(i)).

■ The supreme court has repeatedly ruled that an ordinance enacted by a home-rule unit under the grant of power of section 6(a) supersedes a conflicting statute enacted prior to the effective date of the constitution (*Stryker v. Village of Oak Park* (1976), 62 Ill. 2d 523, 343 N.E.2d 919; *Paglini v. Police Board of City of Chicago* (1975), 61 Ill. 2d 233, 335 N.E.2d 480; *People ex rel. Hanrahan v. Beck* (1973), 54 Ill. 2d 561, 301 N.E.2d 281; *Kanellos v. County of Cook* (1972), 53 Ill. 2d 161, 290 N.E.2d 240). This rule disposes of defendants' contention that section 1—2—1 of the Illinois Municipal Code invalidates the penalty provisions of the

amended ordinance as that section was last amended in 1963 (See Ill. Ann. Stat., ch. 24, par. 1—2—1 (Smith-Hurd, Supp. 1978)).

■■ The supreme court has recognized that a home-rule unit's power under article VII, section 6(a), may be limited by positive constitutional restriction or proper legislative action (e.g., People ex rel. Hanrahan; Kanellos). As pointed out by the City, the only constitutional provisions applicable to limitations on penalties are found in article VII, sections 6(d)(2) and 6(e)(1), and in article I, section 11. Sections 6(d)(2) and 6(e)(1) prohibit a home-rule unit from defining or providing for the punishment of a felony or from punishing by imprisonment for more than 6 months and are thus inapplicable here. Section 11 of article I establishes the general requirement that all penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship. Those requirements are not offended by the penalty provision here involved.

The supreme court has found the power of a home-rule unit to have been limited by proper legislative action in *Andruss v. City of Evanston* (1977), 68 Ill. 2d 215, 369 N.E.2d 1258, and *Prudential Insurance Co. of America v. City of Chicago* (1977), 66 Ill. 2d 437, 362 N.E.2d 1021. In both cases, subsequent to the 1970 Constitution, the General Assembly enacted legislation which specifically provided that such was done pursuant to paragraphs (h) and (i) of section 6 of article VII of the 1970 Constitution and that the functions covered by the legislation were to be exercised exclusively by the State and were not to be exercised, directly or indirectly, by any unit of local government. Each case presented the question of whether a local ordinance pertaining to the functions covered by the legislation was valid. The court found the legislation in each to be a clear declaration of exclusivity under sections 6(h) and 6(i).

Defendants' contention at trial that the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, pars. 1001—1—1 to 1008—6—1) operated to make the instant ordinance violation a petty offense for which a fine not to exceed $500 would be imposed requires consideration of various aspects of that legislation. The Code was enacted under the new constitution and became effective January 1, 1973. We need not decide whether the Code supersedes plaintiff's home-rule power to provide for fines as imposed here because we do not deem the Code to purport to negate plaintiff's power to provide by ordinance for the fines or alter the amount of the permissible fine.

Section 5—1—15 of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—1—15) includes in the definition of "offense" a violation of an ordinance punishable by fine or imprisonment. Section 5—5—2(c) states: "Any unclassified offense which does not provide for a sentence of imprisonment shall be a petty offense or a business offense"

(par. 1005—5—2(c)). Section 5—1—17 defines a "petty offense" as one which is punishable by a fine only (par. 1005—1—17). Section 5—1—2 defines a "business offense" as a petty offense for which the fine is in excess of $500 (par. 1005—1—2). The Council Commentary to section 5—5—2 (Ill. Ann. Stat., ch. 38, par. 1005—5—2, Council Commentary, at 317 (Smith-Hurd 1973)) notes in part that although sentences for felonies and misdemeanors which are not classified by the creating enactment will be controlled by the classifications provided for in the Act, "the stated fine will continue to be applicable for petty offenses and business offenses." From the foregoing statutory language and Council Commentary, it is apparent that a business offense is a type of petty offense differing from other petty offenses because of the more severe fine set forth in the statute or ordinance providing for the offense. It is also apparent that the offense of which defendants were convicted is a business offense, the punishment for which was intended by the Code to be a fine within the limits set forth in the ordinance, one of not less than $500 nor more than $1000.

■■ We recognize that some uncertainty is created by section 5—9—1 of the Code which sets forth the fines authorized under the Code. Subsection (a)(4) authorizes, for petty offenses, fines not to exceed $500 or "the amount specified in the offense, whichever is less." Subsection (a)(5) then authorizes, for business offenses, fines not to exceed "the amount specified in the *statute* defining that offense." (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 38, par. 1005—9—1(a)(5).) Although the offenses constituting ordinance violations are defined in ordinances and not in statutes, we do not deem subsection (a)(5) to prevent ordinance violations from being business offenses. Taken literally, the reference to "the statute defining the offense" concerns only the limitation on the amount of the fine. If there is no statute defining the offense, the subsection does not place a limit on the fine. In any event, the Council Commentary to section 5—5—2 indicates that the "stated fine" is to control the amount of the fine under the Code. The Commentary gives no indication that the controlling fine cannot be stated in an ordinance as well as a statute. Nothing else in the Code negates an ordinance violation being a business offense if the fine provided by the ordinance exceeds $500.

We are aware of no other statute that gives appearance of purporting to limit a city's power to impose fines for ordinance violations.

■■ Accordingly, we hold: (1) The judgment imposing the fine was appealable; (2) as plaintiff is a home-rule city, section 1—2—1 of the Illinois Municipal Code, enacted prior to the present constitution, does not invalidate the penalty provisions of the ordinance; (3) if the Unified Code of Corrections is applicable in determining the amount of fines which may be provided by home-rule units as penalties for ordinance violations, that Code did not invalidate or alter the provisions for a fine

enacted here; (4) if the Unified Code of Corrections is not applicable, plaintiff had power to provide for a fine in the range set forth in the ordinance, and (5) the trial court erred in imposing fines less than the minimum amount set forth in the ordinance.

■■ Accordingly, we reverse and remand for the imposition of a new fine as to each defendant with each defendant to receive credit for any amounts paid on the fine previously assessed.

Reversed and remanded.

MILLS and TRAPP, JJ., concur.