THE CITY OF HIGHWOOD, Plaintiff-Appellant, *v.* JAMES D. WIGHTMAN, Defendant-Appellee.

Second District   No. 78-405

Opinion filed May 22, 1979.

Wallace B. Dunn and Steven J. Handler, both of Highwood, for appellant.

Peter J. Collins, of Waukegan, for appellee.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

This case is an aftermath of the case of *Finish Line Express, Inc. v. City of Chicago* (1978), 59 Ill. App. 3d 419, 375 N.E.2d 526, *rev'd* (1978), 72 Ill. 2d 131, 379 N.E.2d 290.

The defendant herein was charged with a violation of chapter 77—0—11, section 3—11(10) of the Ordinances of the City of Highwood, which reads as follows:

"(a) A person commits gambling when he:

\* \* \*

(10) Knowingly transmits information as to wagers or betting odds, by telephone, telegraph, radio, semaphore or similar means; or knowingly installs or maintains equipment for the transmission or receipt of such information."

It is agreed that this section of the Ordinance is substantially identical to a provision of the Illinois State gambling statute (Ill. Rev. Stat. 1977, ch. 38, par. 28—1(a)(10)).

On May 16, 1978, police officer Frank F. Reinier observed the defendant, James D. Wightman, using a telephone to transmit information and orders as to bets to be placed at a racetrack. A complaint was issued charging the defendant with gambling in violation of the city ordinance and he was brought to trial. At that trial, as is disclosed by the verified bystander's report filed in this appeal, the trial court granted the defendant's motion for a directed verdict. It found that the appellate court decision in *Finish Line* was controlling in this instance and "\* \* \* held that a messenger service could transmit orders as to

bets to be placed at the racetrack over the telephone and therefore directed a verdict in favor of defendant * * *."

The city appeals from that order.

In this appeal the city contends that the appellate decision in *Finish Line* did not give the defendant, as an employee of Front Runner Messenger Service, Inc., the authority to transmit wager information or information as to wagers over the telephone, in violation of the city ordinance. Secondly, it contends that where a decision of the appellate court is subsequently and quickly reversed by the supreme court, a trial court order based upon it must be reversed and the cause remanded for a new trial. In view of our decision herein we need not, and do not, consider the latter issue.

■■■ The first contention presented is that the interpretation of the trial court as to the appellate decision in *Finish Line* was incorrect. We agree. In an examination of that case we find no holding by the appellate court that "a messenger service could transmit orders as to bets to be placed at the racetrack over the telephone * * *." In addition, it was testified to, apparently without contradiction, that defendant Wightman, as an employee of the Front Runner Messenger Service, did in fact transmit information relative to the placing of bets over the telephone in the presence of the arresting officer. Such conduct clearly fell within the scope of the city ordinance and the directed verdict entered by the trial court, dismissing the charge, was in error.

■■ In his reply brief, the defendant claims that he cannot be tried again since the double jeopardy clause of the fifth amendment of the United States Constitution operates as a bar. We do not agree. In *Village of Maywood v. Houston* (1956), 10 Ill. 2d 117, 139 N.E.2d 233, the supreme court held that a municipal ordinance violation is a civil proceeding in form and only quasicriminal in character and if, on appeal, a cause is remanded for a new trial, there is no violation of the constitutional prohibition against double jeopardy. As pointed out by the City of Highwood, this decision was reaffirmed in *Village of Park Forest v. Bragg* (1967), 38 Ill. 2d 225, 230 N.E.2d 868, where the court again found that a municipality was not barred by the double jeopardy from appealing the lower court's adverse ruling on an ordinance violation, again finding that an ordinance violation was quasicriminal in character but civil in form.

We therefore reverse and remand this cause for a retrial.

Reversed and remanded.

WOODWARD and NASH, JJ., concur.