TOWN OF NORMAL, Plaintiff-Appellant, v. LESLIE L. BOWSKY, Defendant-Appellee.

Fourth District   No. 4—85—0557

Opinion filed April 17, 1986.

GREEN, J., specially concurring.

Todd Greenburg, of Normal, for appellant.

No brief filed for appellee.

JUSTICE MORTHLAND delivered the opinion of the court:

The defendant was acquitted of violating a Normal town ordinance which prohibits possession of alcoholic beverages by a person under age 21. The town appeals, and we reverse.

Although the defendant did not file a brief on appeal, the parties agreed to a statement of facts. At trial, Normal police officer Paul J. Lehmann testified that on March 29, 1985, he had observed the defendant give money to another man in return for a brown bag at a liquor store in Normal. The defendant then entered an automobile and drove away from the liquor store. The officer testified that he noticed the defendant's vehicle appeared to have no license plate and, accordingly, he stopped the defendant's car. After he stopped the vehicle, the officer stated that he determined that it had a valid license-applied-for sticker. During the course of the stop, the officer determined that the brown paper bag he had earlier observed the defendant carrying contained a large bottle of beer and a bottle of wine. When asked to produce identification, the defendant showed the officer a driver's license which indicated his age to be less than 21 years.

The defendant essentially corroborated the officer's testimony. However, he also testified that he had bought the alcohol for his 24-year-old sister, who had stayed in the car while the defendant went into the liquor store.

The defendant's sister also testified. She stated that the beer and wine were for her use and that she had asked her brother to attempt to purchase the alcohol for her because she had no identification with her. She stated she knew from experience that it was difficult to purchase alcohol in the town of Normal without identification.

After both sides rested, the trial court ruled that the defendant was "merely a conduit" and not in possession of alcohol. Accordingly, the court found the defendant not guilty. On appeal, the plaintiff argues that the trial court's ruling was erroneous as a matter of law and urges this court to enter judgment in favor of the town of Normal.

■ The defendant has not filed a brief in the present appeal. However, when the record, as here, is simple and the asserted errors can be addressed without the appellee's assistance, this court will decide the appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

■ Before addressing the merits of this appeal, we must first determine whether the town of Normal may appeal a trial court's acquittal of a defendant charged with violating a municipal ordinance. In *Waller v. Florida* (1970), 397 U.S. 387, 25 L. Ed. 2d 435, 90 S. Ct. 1184, the United States Supreme Court held that a defendant could not be tried in State court after having already been tried in a municipal court for the same offense. This court has previously suggested, by way of *dicta,* that the holding in *Waller* would preclude an appeal

by the prosecution in a case similar to the one before us. (*City of Springfield v. Ushman* (1979), 71 Ill. App. 3d 112, 388 N.E.2d 1357.) Undoubtedly, *Waller* would prohibit appeal and a second trial for the plaintiff if Illinois viewed municipal ordinance prosecutions as coequal with criminal prosecutions. However, the Illinois Supreme Court has repeatedly characterized the municipal ordinance prosecution as a quasi-criminal proceeding which shares the characteristics of both a civil action and a criminal prosecution. (*Village of Park Forest v. Fagan* (1976), 64 Ill. 2d 264, 356 N.E.2d 59; *Village of Park Forst v. Bragg* (1967), 38 Ill. 2d 225, 230 N.E.2d 868; *Village of Maywood v. Houston* (1956), 10 Ill. 2d 117, 139 N.E.2d 233.) We note that *Fagan* post-dates the United States Supreme Court's opinion in *Waller* and conclude that the prosecution may appeal a defendant's acquittal of a municipal ordinance violation consistent with the United States and Illinois constitutions' proscriptions against double jeopardy. See also *City of Chicago v. Prus* (1983), 117 Ill. App. 3d 455, 453 N.E.2d 776; *City of Highwood v. Wightman* (1979), 71 Ill. App. 3d 935, 390 N.E.2d 588; *City of Peoria v. Henderson* (1976), 39 Ill. App. 3d 762, 350 N.E.2d 540.

Turning to the merits, we conclude that the trial court applied an erroneous interpretation of the law in acquitting the defendant. The ordinance under which the defendant was prosecuted provides that:

"It shall be unlawful for any person under the age of 21 years to purchase, or accept a gift of alcoholic liquor or have alcoholic liquor in his or her possession." Town of Normal, Ill., Municipal Code sec. 17.1—3(2) (1969 as amended).

■ In general, one has "possession" of contraband when they have immediate and exclusive control over the object as well as knowledge of the nature of the substance at issue. (*People v. Howard* (1975), 29 Ill. App. 3d 387, 330 N.E.2d 262.) Moreover, when a statute prohibits possession of a substance, the reason a defendant possesses the substance is irrelevant unless it would bring him within a statutory exception. *People v. Garcia* (1964), 52 Ill. App. 2d 481, 202 N.E.2d 269; see also *People v. Molsby* (1978), 66 Ill. App. 3d 647, 383 N.E.2d 1336.

Our research discloses that some courts in other jurisdictions have held that a defendant is not "in possession" of liquor if he grasps an alcoholic beverage container solely to drink it. See, *e.g., State v. Williams* (1926), 117 Or. 238, 243 P. 563; *State v. Bostock* (1928), 147 Wash. 402, 266 P. 173; *State v. Nelson* (Mo. App. 1929), 21 S.W.2d 190.

The better view, and one more consonant with Illinois law, is

stated by decisions such as *State ex rel. Harbin v. State* (1923), 210 Ala. 55, 97 So. 426. In *Harbin*, the defendant was arrested with a jug of liquor in his arms. However, he claimed as a defense that he did not own the liquor, but that it was owned and, therefore, "possessed by his companion. In holding the defendant was guilty of possessing the contraband liquor, the Alabama Supreme Court stated that:

> "The possession prohibited includes any possession by manucaption or physical dominion, of however brief duration, and in whatever capacity the possession may be held, if it be for the use, benefit, or enjoyment of himself or any other person, and not merely for the purpose of inspection or destruction. It is none the less an unlawful possession because it is by the permission of the owner of the liquor, and in his immediate presence. It may be conceded that in such a case the owner—so called—would remain in the constructive possession of the liquor, and nevertheless his permissive custodian would have an actual possession which the statute prohibits." *State ex rel. Harbin v. State* (1923), 210 Ala. 55, 55, 97 So. 426, 426-27; accord, *United States v. Ray* (W.D. Va. 1967), 270 F. Supp. 217.

■ We conclude that actual physical control of contraband puts one in "possession" of that contraband absent the existence of some qualifier in the law at issue. Accordingly, the trial court erred in acquitting the defendant of possessing alcoholic liquor by virtue of the defendant's purported status as a "conduit." We reverse and remand for a new trial.

Reversed and remanded.

WEBBER, J., concurs.

JUSTICE GREEN, specially concurring:

I concur in the decision to reverse and remand. I am in complete agreement with the majority's analysis and holding in regard to the merits, but I do have some concern with the question of whether the Illinois rule that jeopardy does not attach in prosecutions for municipal ordinance violations is still viable. Because of the precedent of *Village of Park Forest v. Fagan* (1976), 64 Ill. 2d 264, 356 N.E.2d 59, I must agree that the rule is still applicable at least in cases where imprisonment is not a punishment that can be imposed on conviction. Accordingly, the *dictum* in *City of Springfield v. Ushman* (1979), 71 Ill. App. 3d 112, 388 N.E.2d 1357, which I wrote, indicating that the prosecution could not appeal from an acquittal in such a case must be

disregarded as incorrect in cases where possible imprisonment is not involved. ·

We must proceed with caution where, as here, there is uncertainty concerning a constitutional question and we are without the benefit of adversarial briefing from both sides. The uncertainty as to the application of jeopardy arises from decisions in *Breed v. Jones* (1975), 421 U.S. 519, 44 L. Ed. 2d 346, 95 S. Ct. 1779, *Robinson v. Neil* (1973), 409 U.S. 505, 35 L. Ed. 2d 29, 93 S. Ct. 876, and *Waller v. Florida* (1970), 397 U.S. 387, 25 L. Ed. 2d 435, 90 S. Ct. 1184. See also 3 W. La Fave & J. Israel, Criminal Procedure sec. 24.1(b) (1984).

In *Waller*, a defendant was convicted of a municipal ordinance violation and imprisoned. Subsequently, the State prosecuted him for a felony based on the same conduct and convicted and imprisoned him. The State sought to justify its prosecution on the theory that no double jeopardy existed because the city and the State were separate sovereignties. The United States Supreme Court rejected that contention and set aside the conviction obtained by the State. No contention was made that no jeopardy attached to the municipal prosecution because only an ordinance violation was involved. Subsequently, in *Robinson*, the same rule was applied even though the punishment for the prior municipal ordinance violation was only a fine. The case turned on the question of whether *Waller* was to be applied retroactively.

The *Fagan* court did not refer to either *Waller* or *Robinson*. As plaintiff here suggests, perhaps the reason was because different aspects of the double jeopardy doctrine were involved. Those cases involved a subsequent criminal prosecution after a conviction of a municipal ordinance. In *Fagan*, as here, retrial after acquittal on a municipal ordinance violation charge was sought. Perhaps the reason *Waller* was not cited was because there the defendant received imprisonment for the ordinance violation.

In any event, I question whether the fact that Illinois has treated ordinance violation cases as only quasi-criminal proceedings is, of itself, sufficient to distinguish this case from *Waller* and its progeny. In *Breed*, the court held that a juvenile adjudicated a delinquent for the commission of a robbery was placed in double jeopardy by a subsequent criminal prosecution for the same robbery. That court, quoting from *Helvering v. Mitchell* (1938), 303 U.S. 391, 398-99, 82 L. Ed. 917, 921, 58 S. Ct. 630, 632-33, described the critical question as being whether the proceeding was "essentially criminal" in nature (*Breed v. Jones* (1975), 421 U.S. 519, 528, 44 L. Ed. 2d 346, 355, 95 S. Ct. 1779, 1785). The *Breed* court indicated that the practice of labeling juvenile proceedings as not criminal in nature was not controlling.

Here, describing the proceedings as quasi-criminal in nature will not control if the proceedings are "essentially criminal." The full message of *Breed, Robinson,* and *Waller* is not entirely clear. The precedent of *Fagan* controls here but, in view of the foregoing United States Supreme Court decisions, we should not interpret *Fagan* broadly. In those rare cases where imprisonment is a possible punishment for an ordinance violation (see Ill. Const. 1970, art. VII, sec. 6(e); Ill. Rev. Stat. 1985, ch. 24, pars. 1—2—1, 1—2—1.1), the proceeding may be "essentially criminal" in nature and jeopardy may attach. Our decision here should not be taken as a holding that jeopardy would not attach in such a situation.