THE TOWN OF CICERO, Plaintiff-Appellant, v. KENNETH J. LaFRANCIS
*et al.*, Defendants-Appellees.

First District (6th Division) No. 1—95—2791

Opinion filed June 28, 1996.

Dennis Both and Patrick J. Doherty, both of Cicero, for appellant.

Sirott & Kuhl, of Chicago (Dennis L. Kuhl, of counsel), for appellees.

JUSTICE RAKOWSKI delivered the opinion of the court:

The Town of Cicero (Town) issued citations to defendants for violations of a local ordinance that requires the purchase and display of a Town vehicle sticker on motor vehicles registered in the Town. Town of Cicero, Ill., Code of Ordinances, art. IV, § 22—32 (eff. August 14, 1990). Defendants, Kenneth J. LaFrancis, Herbert J. Placek, and James Harris, worked for AAA Leasing and Trucking, Inc., which owned the vehicles and registered them to a Town address. At the

time of the complaints, the vehicles had no Town stickers displayed. After a hearing, the trial court dismissed the complaints on the basis that the ordinance in question was unconstitutional and exceeded the Town's home rule powers to enforce a vehicle tax against commercial vehicles under section 2—121 of the Illinois Vehicle Code (the Vehicle Code) (625 ILCS 5/2—121 (West 1994)). The Town appeals, contending the vehicle tax is authorized by its home rule powers. We agree and now reverse.

■ The Town is a home rule unit of government under section 6(a) of article VII of the Illinois Constitution of 1970. Section 6(a) provides, in relevant part:

"[A] home rule unit may exercise any power and perform any function pertaining to its government and affairs including, but not limited to, the power to regulate for the protection of the public health, safety, morals and welfare; to license; to tax; and to incur debt." Ill. Const. 1970, art. VII, § 6(a).

This provision of the constitution gives home rule units "the broadest powers possible." *Scadron v. City of Des Plaines*, 153 Ill. 2d 164, 174 (1992), citing Ill. Ann. Stat., 1970 Const., art. VII, § 6, Constitutional Commentary, at 24 (Smith-Hurd 1971). Under section 6(i) of article VII of the Constitution, the powers of home rule units may be exercised and performed concurrently with the State unless the General Assembly specifically limits the concurrent exercise or specifically declares the State's exercise to be exclusive. Ill. Const. 1970, art. VII, § 6(i); *Kalodimos v. Village of Morton Grove*, 103 Ill. 2d 483, 502-07 (1984); *Village of Bolingbrook v. Citizens Utilities Co.*, 158 Ill. 2d 133, 138 (1994). "The General Assembly may provide specifically by law for the exclusive exercise by the State of any power or function of a home rule unit *other than a taxing power* ***." (Emphasis added.) Ill. Const. 1970, art. VII, § 6(h); *Chicago Park District v. City of Chicago*, 111 Ill. 2d 7, 14 (1986). In addition, the constitution provides that the "[p]owers and functions of home rule units *shall be construed liberally*." (Emphasis added.) Ill. Const. 1970, art. VII, § 6(m).

■ Defendants contend the Town ordinance, requiring all motor vehicles registered in the Town, including commercial vehicles, to display a Town sticker, conflicts with section 2—121 of the Vehicle Code, which states in pertinent part:

"The city, village or incorporated town in which the owner resides or in which a vehicle has its situs or base, *except commercial motor vehicles as defined in paragraph (2) of Section 18b—101 that are registered under Section 3—402.1,* may impose a tax or license fee as provided in Section 8—11—4 of the Illinois Municipal Code." (Emphasis added.) 625 ILCS 5/2—121 (West 1994).

The parties do not dispute that under this section both home rule and non-home-rule units alike have the authority to impose the tax in question on noncommercial vehicles. At issue, however, is whether the phrase "except commercial motor vehicles" equally applies to home rule units, thereby rendering the Town's local ordinance unconstitutional.

Effective January 1, 1993, section 2—121 of the Vehicle Code was amended by the addition of the phrase emphasized above. Prior to the amendment, the law was well settled that home rule units could properly tax or license motor vehicles, including commercial motor vehicles. See *Rozner v. Korshak*, 55 Ill. 2d 430 (1973); *Gilligan v. Korzen*, 56 Ill. 2d 387 (1974); *Village of Hoffman Estates v. Union Oil Co.*, 56 Ill. App. 3d 52 (1977).

■ The Town argues the amendatory language to section 2—121 of the Vehicle Code does not apply to home rule units; therefore, the local ordinance imposing a vehicle tax on commercial vehicles is valid. The premise for this argument is that if the General Assembly intended to deny or limit the taxing power of home rule units, it would have included specific language to that effect. Our supreme court has held that a statute intended to limit or deny home rule powers must contain an express statement to that effect. *Scadron v. City of Des Plaines*, 153 Ill. 2d 164, 187 (1992).

> "This interpretation supports the home rule provisions of our constitution 'which favor concurrent exercise of power by the state and by home rule units and attempt to avoid "preemption" by judicial decisions. The Illinois approach places almost exclusive reliance on the legislature rather than the courts to keep home rule units in line.' " *Scadron*, 153 Ill. 2d at 188, quoting D. Baum, *A Tentative Survey of Illinois Home Rule (Part II): Legislative Control, Transition Problems, and Intergovernmental Conflict*, 1972 U. Ill. L.F. 559, 579.

"The legislature is perfectly capable of being specific when it wants to be." *Scadron*, 153 Ill. 2d at 188. However, where it has not been specific, courts will not find preemption of home rule authority. See *Scadron*, 153 Ill. 2d at 188-89; *Universal Outdoor, Inc. v. Village of Elk Grove*, 194 Ill. App. 3d 303, 308 (1990); *Rozner*, 55 Ill. 2d at 435; *Mandarino v. Village of Lombard*, 92 Ill. App. 3d 78, 80-81 (1980).

■ In this case, neither the present nor the former section 2—121 of the Vehicle Code refers to home rule units. On its face, section 2—121 does not denote a specific purpose to limit home rule powers to tax commercial vehicles. In fact, section 8—11—4 of the Illinois Municipal Code, to which the pertinent statute refers, specifically provides, "This amendatory Act of 1973 is not a limit upon any

municipality which is a home rule unit." 65 ILCS 5/8—11—4 (West 1994). Moreover, the General Assembly, before amending the statute, was well aware that section 2—121 was deemed not to limit home rule powers in the absence of specific language. See, *e.g., Rozner*, 55 Ill. 2d 430; *Gilligan*, 56 Ill. 2d 387; *Village of Hoffman Estates*, 56 Ill. App. 3d 52. Having failed to enact specific language, we find section 2—121 of the Vehicle Code, as amended, has no restrictive effect on home rule units.

Defendants contend the absence of express language notwithstanding, the legislative debates surrounding the amendatory language manifests the General Assembly's intent to prohibit all local taxation of commercial vehicles. The intent and purpose of the legislature in amending section 2—121 of the Vehicle Code were to "exempt vehicles that are registered on a proportional basis from provisions authorizing local governments to impose taxes under the Municipal Code." 87th Ill. Gen. Assem., Senate Proceedings, May 21, 1992, at 271-72 (statements of Senator Savickas).

In the absence of specific language limiting or denying home rule units the power to tax commercial vehicles, we cannot say section 2—121 in current form was intended to be a limitation on home rule units. In this regard we note that the constitutional intent and purpose of section 6(i) of article VII of the constitution were to severely limit " 'the circumstances under which local home rule powers are preempted by judicial interpretation of unexpressed legislative intention.' " *Scadron*, 153 Ill. 2d at 186, quoting D. Baum, 1972 U. Ill. L.F. at 571. Section 2—121 of the Vehicle Code is silent as to any intention to limit or deny home rule powers. Thus, we conclude it has no restrictive effect on home rule units.

We further note that under a different section of the Vehicle Code the legislature has expressly stated that the provisions of chapter 11 titled "Rules of the Road" limit the authority of home rule units to adopt inconsistent local police regulations. See 625 ILCS 5/11—208.2 (West 1994). Had the legislature intended to limit the power of home rule units to impose a local government vehicle tax on commercial vehicles, we believe it would have drafted a similar provision in chapter 2. "It is not for us to usurp a function accorded to the General Assembly by the Constitution." *Village of Bolingbrook*, 158 Ill. 2d at 142-43.

We hold the legislature in amending section 2—121 of the Vehicle Code did not intend to deprive home rule units of the power to tax commercial motor vehicles.Therefore, the judgment of the circuit

court is reversed and remanded for further proceedings consistent with this opinion.

Reversed and remanded.

ZWICK, P.J., and EGAN, J., concur.