No. 1-96-1957 September 17, 1997

THE CITY OF CHICAGO, ) APPEAL FROM

) THE CIRCUIT COURT

) COOK COUNTY.

Plaintiff-Appellant, )

)

v. ) No. 94 MC1 351250

                              )            

EDWIN ROMAN, ) THE HONORABLE,

) WILLIAM O'MALLEY,

Defendant-Appellee. ) JUDGE PRESIDING.

)

PRESIDING JUSTICE COUSINS delivered the opinion of the court:

The City of Chicago (City) brought an action against Edwin Roman for assaulting Anthony Pupius in violation of section 8--4--080 of the City's municipal code (Chicago Municipal Code §8--4--080 (1990)), which prohibits the assault of a person age 60 years old or over.  The trial court found Roman guilty and sentenced him to 10 days of community service and one year's probation.  The City appealed the sentence, which is less than the mandatory minimum sentence provided for in the ordinance.  

BACKGROUND

On August 23, 1994, Anthony Pupius saw Edwin Roman removing various white styrofoam cartons and boxes from a Ryder truck in an alley near his home on 7355 South Whipple Street, Chicago.  Pupius approached Roman and told him to stop dumping garbage.  Roman swore at Pupius and told him that it was none of his business and that he should leave.  Pupius went back to his house and called "911" and then went back outside to the alley with a camera and took pictures of Roman.  Roman saw Pupius taking the pictures.  Roman picked up a stick and tried to hit Pupius.  At trial, Pupius testified that Roman swore at him and called him vulgar names.  Roman also told Pupius that he knew where he lived and would come back every night and "take care" of him.  Violeta Valaityte, a witness to the incident, testified that, at one point while Pupius was in his house, Roman went up to the door of the house and yelled at Pupius.  

Roman testified that he never threatened Pupius.  Ricardo Diaz, Roman's codefendant on the dumping charge, testified that he did not see Roman with a stick or chasing Pupius.  

City police officers arrested Roman for dumping garbage in violation of section 221b of the Criminal Jurisprudence Act (Health and Safety Public Nuisance) (740 ILCS 55/221 (West 1992)) and for assault against an elderly person under section 8--4--080 of the Municipal Code of Chicago.  Chicago Municipal Code §8--4--080 (1990).  Section 8--4--080 provides in relevant part:

"8--4--080   Definitions--Assault defined--Mandatory sentence.

(1) Definitions.  The following definitions are applicable strictly in the context of this ordinance:

(A)   'Elderly' refers to any person 60 years of age or older.

* * *

(2)  There is hereby created the offense of assault against the elderly, developmentally disabled, or handicapped.  A person commits assault against the elderly, developmentally disabled, or handicapped when he engages in conduct which places a person as defined above in reasonable apprehension of receiving a battery.  Upon conviction of this offense, a mandatory sentence of imprisonment shall be imposed, not to be less than 90 days nor more than 180 days."  Chicago Municipal Code §8--4--080 (1990).  

Following the bench trial, Roman was found guilty of the assault charge.  Thereafter, Roman presented a motion to declare section 8--4--080 unconstitutional.  The trial court denied the motion but questioned the City's power to set a mandatory minimum sentence for the assault offense.  The court suggested 
sua
 
sponte
 that Roman attack the City's ordinance on that basis.  Roman then filed a motion to declare the ordinance unconstitutional.  In his motion, Roman asserted that: (1) the mandatory minimum sentence exceeded the City's home rule powers because state law provides for a different penalty; (2) the ordinance usurps the trial judge's authority to impose a proper sentence; (3) the ordinance did not relate to a local concern; and (4) the ordinance violates the guarantees of equal protection found in the United States and Illinois Constitutions. The trial court denied Roman's request to declare the ordinance unconstitutional but ruled that the mandatory minimum sentence exceeded the City's home rule authority.  The trial court stated in pertinent part:

"[I] don't think I am bound by the mandates of the City, and I think that they have overreached by telling -- by their telling a legislative branch, telling the judicial branch that I don't have discretion in the sentencing, although, I mean, the Courts [
sic
] have upheld that.  And certainly there are statutes that mandate certain minimum sentences.  And I think that that is something left -- best left in the hands of the state legislature, especially when we are talking about depriving someone of their liberty.  And I don't think I am bound by the 90 days mandate of the City, counsel. 

***

I think that the mandatory nature of the sentence which would make Mr. Roman different because he did this in the City of Chicago, as opposed to due process as well and within the same crime occurring in Bridgeview.  And I don't think that the City [Council] can mandate something that the State legislature hasn't mandated.

***

I think that that [
sic
] making it a mandatory minimum goes beyond the Home Rule, and I don't think that -- I think that it's well covered in the state statutes and doesn't have to be covered again by the ordinance."

The City filed a motion to reconsider the sentencing decision and asked the trial court to apply the City's mandatory minimum sentence provision.  The trial court denied the City's motion and stated further:

"I think that there is, although the Public Defender's office may not specifically have raised it, but the State refers to it as an 8th Amendment cruel and unusual punishment.  It may be that, but it may be a due process problem, and I think that the difference here is that the municipality is not talking about raising fines.  They are talking about taking away a man's liberty, and I don't think that that was the intent of the home rule, and I find it very disproportionate that had he actually struck the man I could give him supervision, but the fact that he merely threatened to do it in the City of Chicago, I don't have the right to give him supervision, and as a matter of fact, I didn't give him supervision, but I don't think that home rule was intended to do that, so my ruling will stand.

The City appealed.

We reverse and remand with directions.

ANALYSIS

The issues presented in this case are whether the City, as a home rule unit, had authority to set a mandatory minimum penalty of imprisonment for violation of a municipal ordinance and whether that ordinance is preempted by state law.  We hold that the ordinance at issue is properly within the City̓s home rule authority and that state law does not preempt the authority of the City to set a mandatory minimum penalty of imprisonment for violation of its ordinance.

Before addressing the merits of this appeal, we must first determine whether the City may appeal the trial court's sentence. Citing 
Town of Normal v. Bowsky
, 142 Ill. App. 3d 760, 492 N.E.2d 204 (1986), defendant argues that the City has no jurisdictional basis to appeal and that appeal by the City violates the double jeopardy clause of the fifth and fourteenth amendments to the United States Constitution (U.S. Const. amends. V, XIV) and article I, section 10 of the Illinois Constitution (Ill. Const. 1970, art. I, §10), because the municipal ordinance is criminal in nature.

In our view, 
Normal v. Bowsky
, 142 Ill. App. 3d 760, 492 N.E.2d 204, is distinguishable from the instant case.  In 
Normal
, the defendant was acquitted of violating a town ordinance which prohibited possession of alcoholic beverages by a person under age 21.  The Town of Normal appealed.  The appellate court noted the United States Supreme Court’s ruling in 
Waller v. Florida
, 397 U.S. 387, 90 S. Ct. 1184, 25 L. Ed. 2d 435 (1970), that a defendant could not be tried in State court after having been tried in municipal court for the same offense.  
Normal
, 142 Ill. App. 3d at 761.  However, the appellate court held that the Town of Normal could properly appeal the acquittal of a municipal ordinance violation without violating proscriptions against double jeopardy because of the Illinois Supreme Court's characterization of municipal ordinance prosecutions as quasi-criminal proceedings that share the characteristics of both a civil action and a criminal prosecution.  
Normal
, 142 Ill. App. 3d at 762.  

Here, the defendant was not acquitted but was found guilty of violating the municipal ordinance.  The City appeals only the 
sentence
 imposed for violation of the ordinance.  Reversal of the trial court's sentence would not subject defendant to another trial or to additional punishment. See 
City of Springfield v. Ushman
, 71 Ill. App. 3d 112, 388 N.E.2d 1357 (1979)(appellate court had jurisdiction to entertain city’s appeal of trial court’s judgment imposing fines for violation of a municipal ordinance which were less than the minimum amount provided for in the ordinance and reversal and remand with directions to trial court to impose a proper fine would not place defendant in double jeopardy).  Accordingly, we have jurisdiction to review the instant appeal.

Relative to the merits of this appeal, it is our view that the trial court erred in failing to follow the penalty provision of the City's ordinance.  The City of Chicago is a home rule municipality.

The powers of home rule municipalities, those municipalities with a population greater than 25,000, are derived from article VII, section 6(a), of the Illinois Constitution of 1970 (Ill. Const. 1970, art. VII, §6(a)).  Section 6(a) provides in relevant part:

“[A] home rule unit may exercise any power and perform any function pertaining to its government and affairs including, but not limited to, the power to regulate for the protection of the public health, safety, morals and welfare; to license; to tax; and to incur debt." Ill. Const. 1970, art. VII, §6(a).

Section 6(a) gives home rule units “the broadest powers possible.”  
Scadron v. City of Des Plaines
, 153 Ill. 2d 164, 174-75, 606 N.E.2d 1154 (1992), citing Ill. Ann. Stat., 1970 Const., art. VII, §6, Constitutional Commentary, at 24 (Smith-Hurd 1971); 
Town of Cicero v. LaFrancis
, 282 Ill. App. 3d 556, 557, 668 N.E.2d 164 (1996).

Under section 6(i) of the Illinois Constitution, a municipality's home rule powers are preempted by the state under very narrow circumstances:

"Home rule units may exercise and perform concurrently with the State any power or function of a home rule unit to the extent that the General Assembly by law does not specifically limit the concurrent exercise or specifically declare the State's exercise to be exclusive."  Ill. Const. 1970, art. VII, §6(i).

The purpose of section 6(i) is to eliminate, or at least reduce to a bare minimum, the circumstances under which local home rule powers are preempted by judicial interpretation of unexpressed legislative intention.  
Scadron
, 153 Ill. 2d at 185; see also 
Congress Care Center Associates v. Chicago Department of Health
, 260 Ill. App. 3d 586, 588, 632 N.E.2d 266 (1994).  Under section 6(i), the General Assembly can restrict the concurrent exercise of a home rule unit's power by enacting a law that specifically limits such power; but, unless a state law specifically states that a home rule unit's power is limited, the authority of a home rule unit to act concurrently with the state cannot be considered restricted.  
Scadron
, 153 Ill. 2d at 188; see also 
Village of Bolingbrook v. citizens Utilities Co.
, 158 Ill. 2d 133, 138, 632 N.E.2d 1000 (1994).  Where the legislature has not been specific, courts will not find preemption of home rule authority.  
Town of Cicero v. LaFrancis
, 282 Ill. App. 3d at 558.  The City argues that the trial court erred in its finding that the City could not mandate imprisonment for a violation of its assault ordinance when the comparable state law did not provide for such a penalty.  Defendant argues that the City cannot enact an ordinance that imposes a mandatory term of imprisonment where the identical offense under state law allows a discretionary sentence of imprisonment, probation or conditional discharge.  However, defendant fails to show where the state statute 
specifically
 limits the power of home rule municipalities to legislate assault against the elderly and provide mandatory imprisonment as a penalty.  Without such specificity, defendant essentially asks this court to hold that state law, by enacting legislation relative to the crime of assault, preempts the City̓s ordinance by implication.  However, the Illinois Supreme Court has upheld the right of local governments to enact their own solutions to various problems of local concern in the face of less stringent or conflicting state regulations and has followed a determination that the state’s expression of interest in a subject, as evidenced by its statutory scheme, does not amount to an express attempt to declare the subject as one requiring exclusive state control.  
Kalodimos v. Village of Morton Grove
, 103 Ill. 2d 483, 503, 470 N.E. 2d 266 (1984).  In our view, traditional rules have been established in the area of state preemption of municipal ordinances and the issues relative to the powers of home rule units are generally well settled.  See, 
e.g.
, 
Scadron v. City of Des Plaines
, 153 Ill. 2d 164, 606 N.E. 2d 1154; 
Kalodimos
 103 Ill. 2d 483, 470 N.E. 2d 266.

The precise issue of whether a home rule unit can impose mandatory imprisonment as a penalty for violation of an ordinance is an issue of first impression.  We do not believe the nature of the ordinance here requires a deviation from the traditional rule.  See 
Thomas v. State
, 583 So. 2d 336 (Fla. App. 1991)(there is no constitutional or statutory limitation on the city's power to prescribe incarceration as a penalty for violation of city ordinance requiring that bicycles be equipped with bell or gong as warning device and ordinance was not preempted by state legislation that required some specified equipment on bicycles and did not specifically prohibit bells, gongs, or other audible warning devices).  In order to meet the requirements of section 6 of the Illinois Constitution (Ill. Const. 1970, art. VII, §6), legislation must contain express language that the area covered by the legislation is to be exclusively controlled by the state; it is not enough that the state comprehensively regulates an area that otherwise would fall into home rule power.  See 
Village of Bolingbrook
, 158 Ill. 2d at 138. 

Having failed to identify specific language to show that the state wishes to limit the power of home rule units to legislate assault against the elderly, we conclude that state law does not restrict the City from providing mandatory imprisonment as a penalty in its ordinance.  Therefore, we believe the City’s choice to have a sentencing scheme that is different from the state’s is well within the City’s constitutional powers as a home rule unit.  Accordingly we reverse the judgment of the trial court and remand for sentencing only.

Reversed and remanded with directions.