THE CITY OF CHICAGO, Plaintiff-Appellee and Cross-Appellant, v. DON HAWORTH, Defendant-Appellant and Cross-Appellee.

First District (6th Division)   No. 1—97—1588

Opinion filed February 26, 1999.

Joel W. Ostrander, of Oak Park, for appellant.

Brian L. Crowe, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Joshua D. Davidson, Assistant Corporation Counsel, of counsel), for appellee.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, the City of Chicago, a municipal corporation (City), brought this action against defendant, Don Haworth (Haworth), a private detective, for his failure to register a firearm in violation of a municipal firearm registration ordinance. Following a bench trial, Haworth was found guilty of the ordinance violation and sentenced to six months' court supervision, and the trial court ordered the firearm destroyed. The trial court granted Haworth's subsequent motion for release of the firearm.

Haworth now appeals the trial court's order of March 7, 1997, denying his motion for a new trial. On appeal, Haworth contends that the state law regulating private detectives preempts home rule authority by the City to regulate handguns. The City cross-appeals from the trial court's order of March 17, 1997, releasing the confiscated firearm. For the following reasons, we reverse in part and affirm in part.

The record reveals the following relevant facts. On June 5, 1996, Haworth, a licensed private detective, was arrested by Chicago police officers and charged with failure to register a firearm in violation of the Municipal Code of Chicago (Code). Chicago Municipal Code § 8—20—040(a) (amended July 7, 1992). At the time of his arrest, Haworth was engaged in a telephone call at a public telephone booth located at 7201 N. Clark Street, Chicago. Haworth's arrest followed his failure to produce a registration certificate for a loaded Glock 9 millimeter semi-automatic handgun that he had holstered on his person. A subsequent investigation revealed that the handgun was not registered with the Chicago police department but was in fact owned by Ward A. Sturm, a resident of Arlington Heights, Illinois. Police officers confiscated and inventoried the handgun and 16 rounds of ammunition.

On August 12, 1996, Haworth filed a motion to quash his arrest. Haworth argued that the police lacked probable cause to arrest him, because of the preemption of home rule regulation by the state in the regulation of private detectives and private detective agencies. Haworth alleged that the Private Detective, Private Alarm, and Private Security and Locksmith Act of 1993 (Act or Private Detective Act) (225 ILCS 446—1 *et seq.* (West 1996)) supersedes section 8—20—040

of the Code. Haworth further contested the authority of the City to require him to register firearms with the Chicago police department, in addition to his state registration. On October 17, 1996, the first trial court issued its order and memorandum opinion denying Haworth's motion:

> "To address this issue, the court need only look as far as the next section of the City of Chicago Municipal Code. Section 8—20—050 of the MCC, in pertinent part, reads as follows:
>
> **8—20—050 Unregisterable firearms.**
>
> No registration certificate shall be issued for any of the following types of firearms:
>
> (c) Handguns, except: . . .
>
> (4) Those owned by private detective agencies licensed under Chapter 111 Paragraph 2601 *et. seq.* Illinois Revised Statutes (The court notes that the Chapter and paragraph number is misprinted within this section of the ordinance. It should read Chapter 111 Paragraph 2652 *et seq.* Now: 225 ILCS 445/1 *et seq.* (West 1996).); . . .
>
> Consequently, under the very ordinance upon which the Defendant's arrest and charge is based, the firearm possessed by the Defendant and his properly Illinois licensed private detective firm, Atkinson & Haworth, is clearly subject to registration within the City of Chicago."

On November 4, 1996, Haworth filed a motion to suppress evidence and on November 12, 1996, filed a motion to dismiss his charge. The trial court, Judge John J. Scotillo presiding, denied both motions on February 7, 1997, finding that the state statute regulating private detectives did not preempt home rule authority to regulate handguns.

On the same day, a bench trial proceeded on Haworth's stipulation to the facts set forth in the City's complaint and upon Haworth's sworn affidavit attached to his prior motions. In his affidavit, Haworth stated that, at the time of his arrest, he was a state-licensed private detective and partner of the agency Atkinson & Haworth, with a principal place of business at 740 N. Franklin, Chicago. He had been a licensed private detective for 10 years. On the day of his arrest, he had in his possession a Glock semi-automatic pistol that was not registered in the City of Chicago. He stated that this particular firearm was a substitute for his regular handgun, which was sent to a gunsmith for repairs. Also at the time of his arrest, Haworth had in his possession certain current and valid identification, permits and state licenses for the carrying of firearms, including a "Permanent Employee Registration Card," a "Firearms Authorization Card," a "Firearm Owner's Identification Card" (FOIC), and an "Employee Identification Card" for Atkinson & Haworth.

The trial court found Haworth guilty of failing to register a firearm in violation of section 8—20—040 of the Code and sentenced him to six months' supervision.

Thereafter, Haworth made an oral motion to release the confiscated handgun. On March 7, 1997, Haworth filed a written motion to release the handgun, as well as a motion for a new trial. In his first motion, Haworth argued that he had borrowed the gun from Sturm while his own handgun was being repaired and that Sturm lived in Arlington Heights. Haworth attached the affidavit of Sturm, in which Sturm stated that Haworth borrowed the handgun and that he checked Haworth's FOIC prior to agreeing to lend him the handgun. Sturm stated that he never brought his firearm into the City and that he had no knowledge that Haworth brought the firearm into the City.

In his motion for a new trial, Haworth argued that the trial court improperly denied his motions to quash arrest, suppress evidence, and dismiss his charge, and that he was improperly found guilty of the charge. The trial court denied Haworth's motion for a new trial the same day.

On March 17, 1997, the trial court granted Haworth's motion to release the inventoried property. At the request of the City, the trial court stayed the order releasing the inventoried firearm pending appeal. Haworth filed his notice of appeal on April 2, 1997. The City filed its notice of cross-appeal on April 16, 1997.

OPINION

## I. APPEAL

■ On appeal, Haworth contends that the trial court erred in denying Haworth's motion for a new trial based on preemption by state statute. Haworth argues that the Private Detective Act preempts home rule regulation of the private detective business and therefore shields him from compliance with the City's firearm registration ordinance. Chicago Municipal Code §§ 8—20—030 through 8—20—260 (1990). As this issue involves the construction of a statute, it is subject to *de novo* review. *Boaden v. Department of Law Enforcement*, 171 Ill. 2d 230, 237, 664 N.E.2d 61 (1996).

■ It is well established that unless an enactment impinges on a fundamental personal right or is drawn upon an inherently suspect classification, it is presumptively valid and it will survive constitutional scrutiny if it is rationally related to a legitimate governmental purpose. One who challenges an ordinance as failing this test of minimum rationality bears the burden of proving "by clear and affirmative evidence that the ordinance constitutes arbitrary, capricious and unrea-

sonable municipal action; that there is no permissible interpretation which justifies its adoption, or that it will not promote the safety and general welfare of the public." *Triple A Services, Inc. v. Rice,* 131 Ill. 2d 217, 226, 545 N.E.2d 706 (1989).

■ The powers of home rule municipalities, those municipalities with a population greater than 25,000, are derived from article VII, section 6(a), of the Illinois Constitution of 1970. Ill. Const. 1970, art. VII, § 6(a). Section 6(a) gives home rule units the broadest powers possible. *City of Chicago v. Roman,* 292 Ill. App. 3d 546, 685 N.E.2d 967 (1997); *Scadron v. City of Des Plaines,* 153 Ill. 2d 164, 174-75, 606 N.E.2d 1154 (1992); *Town of Cicero v. LaFrancis,* 282 Ill. App. 3d 556, 557, 668 N.E.2d 164 (1996). Section 6(a) provides in relevant part:

"(a) *** Except as limited by this Section, a home rule unit may exercise any power and perform any function pertaining to its government and affairs including, but not limited to, the power to regulate for the protection of the public health, safety, morals and welfare; ***

* * *

(i) Home rule units may exercise and perform concurrently with the State any power or function of a home rule unit *to the extent that the General Assembly by law does not specifically limit the concurrent exercise or specifically declare the State's exercise to be exclusive.*" (Emphasis added.) Ill. Const. 1970, art. VII, § 6.

The purpose of section 6(i) is to eliminate, or at least reduce to a bare minimum, the circumstances under which local home rule powers are preempted by judicial interpretation of unexpressed legislative intention. *Scadron,* 153 Ill. 2d at 185. Under section 6(i), the General Assembly can restrict the concurrent exercise of a home rule unit's power by enacting a law that specifically limits such power; but, unless a state law specifically states that a home rule unit's power is limited, the authority of a home rule unit to act concurrently with the state cannot be considered restricted. *Scadron,* 153 Ill. 2d at 188; see also *Village of Bolingbrook v. Citizens Utilities Co.,* 158 Ill. 2d 133, 138, 632 N.E.2d 1000 (1994). Where the legislature has not been specific, courts will not find preemption of home rule authority. *Roman,* 292 Ill. App. 3d at 551, *aff'd,* 184 Ill. 2d 504, 520 (1998).

Haworth argues that the Act preempts the City from enforcing its firearm registration ordinance against licensed private detectives. In support, Haworth cites the provisions of the Act and the requirements that must be fulfilled to become a licensed private detective, in particular section 40, which provides as follows:

"[T]he power to regulate the private detective, private security, private alarm, or locksmith business shall be exercised *exclusively*

*by the State* and may not be exercised by any unit of local government, including home rule units." (Emphasis added.) 225 ILCS 446/40 (West 1996).

Haworth further cites the legislative intent of the Private Detective Act as follows:

"The intent of the General Assembly in enacting this statute is to regulate persons and businesses licensed under this Act for the protection of the public. The practices are declared to be practices affecting the public health, safety, and welfare and subject to State regulation." 225 ILCS 446/10 (West 1996).

Haworth notes that the Act authorizes licensed private detectives to carry concealed firearms in the conduct of private detective work. 225 ILCS 446/85 (West 1994). Haworth also notes that the Code requires that the firearm be owned by the detective *agency*, not the person. Thus, Haworth concludes, the City cannot regulate the *person* of the private detective.

The City responds that Illinois courts have held that gun control is a matter for local concern that properly falls within the exercise of a municipality's home rule power. *Kalodimos v. Village of Morton Grove*, 103 Ill. 2d 483, 470 N.E.2d 266 (1984); *Quilici v. Morton Grove*, 695 F.2d 261, 268 (7th Cir. 1982), *cert. denied*, 464 U.S. 863, 78 L. Ed. 2d 170, 104 S. Ct. 194 (1983). The City argues that section 40 of the Act does not limit or preclude the power of a home rule unit to impose on private detectives a general law regarding firearm registration. The City further argues that the regulation is not reasonably considered regulation of the private detective business *per se* but, rather, a general prohibition on possession of unregistered firearms. In fact, the City notes that while the Code provides a list of eight exceptions to the City's registration requirement, private detectives are not among the excepted parties. Chicago Municipal Code § 8—20—050(c)(4) (amended July 7, 1992).

In addition, the City cites to that portion of the Act which expressly requires compliance with the provisions of the Firearm Owners Identification Card Act (FOIC Act) (430 ILCS 65/1 *et seq.* (West 1996)):

"No person may acquire or possess any firearm within this State without having in his or her possession a Firearm Owner's Identification Card previously issued in his or her name by the Department of State Police under the provisions of this Act." 430 ILCS 65/2(a)(1) (West 1994).

Section 2(b) of the FOIC Act, which lists certain individuals who are exempt from compliance, does not include private detectives. Thus, the City concludes that section 40 does not invoke the authority under

section 6(i) to limit the concurrent exercise of power by the City or to declare the state's exercise of authority to be exclusive.

Contrary to the City's position, the Act, in fact, expressly provides for preemption of home rule units in regulating the business of private detectives in section 40. Section 40 states that private detectives are to be regulated *"exclusively by the state."* Thus, by excluding private detectives from exemption to the Code, the City attempts to control the business of private detectives in contravention of state law.

■ We agree with Haworth's observation that the City's registration requirement places an unreasonable burden on private detectives who live outside Chicago. Haworth challenges the City's argument that section 185 of the Act authorizes the City to require registration of firearms by private detectives. Section 185 states:

> "Actual possession of a valid firearm authorization card allows an employee to carry a firearm *not otherwise prohibited by law*, while the employee is actually engaged in the performance of his or her duties or while the employee is commuting directly to or from the employee's place or places of employment, provided that this commuting is accomplished within one hour from departure from home or a place of employment." (Emphasis added.) 225 ILCS 446/185(b) (West 1994).

We find that the emphasized portion of the provision refers to *firearms* prohibited by *state law*. Had the legislature intended to allow municipalities to control the business and person of private detectives, a private detective could not own or possess a firearm while in any community in which his firearm was not registered.

We note that the Code predates the state Firearm Owners Identification Card Act (FOIC Act). 430 ILCS 65/1 *et seq.* (West 1996). While both laws originated in an effort to reduce crimes committed with firearms, the laws are directed at different parties: The Code regulates the *firearm* while the FOIC Act regulates the *person*. By law, residents of the City must comply with both laws. While the FOIC Act expressly permits municipalities to impose greater restrictions (430 ILCS 65/13.1 (West 1996)), the FOIC Act is not at issue here.

Under the circumstances, we find that section 8—20—040(a) of the Code improperly interferes with the exclusive jurisdiction of the state in regulating private detectives. We therefore vacate the order and sentence entered against Haworth for violation of the firearms registration ordinance.

## II. CROSS-APPEAL

On cross-appeal, the City contends that the trial court erred in granting Haworth's motion to release the confiscated firearm. Although no brief has been filed by Haworth, defendant-appellee on this

issue, this court is not precluded from reviewing the issue. This court may elect to consider this issue on the merits. *Golembiewski v. Hallberg Insurance Agency, Inc.*, 262 Ill. App. 3d 1082, 635 N.E.2d 452 (1994).

■ The City argues that "guns possessed within the City of Chicago [are] in violation of the municipal firearms registration ordinance" and are therefore contraband *per se* subject to forfeiture as well as destruction. *People v. Ziomek*, 179 Ill. App. 3d 303, 309, 534 N.E.2d 538 (1989); see also *Kromeich v. City of Chicago*, 258 Ill. App. 3d 606, 630 N.E.2d 913 (1994). Thus, Sturm's weapon must be destroyed. However, the trial court found these cases distinguishable from the present case in that Sturm, the actual owner of the firearm, did not use the firearm in an illegal manner:

> "[I]n those cases, the owner and the defendant were the same. And the owner either failed to register the guns in the City or the owner was in the City. *** And since [the gun] wasn't used in an unlawful manner, or I should say in the commission of a crime *** I think that it seems that in [*sic*] it would be unjust to confiscate and destroy the weapon."

Because we find that the firearm registration provision of the Code improperly interferes with the exclusive operation of state law regulating private detectives in this case, *Kromeich* and *Ziomek* are inapplicable. In light of our finding vacating the order entered against Haworth, Sturm's firearm can be neither forfeited nor destroyed. We therefore affirm the order of the trial court releasing the confiscated firearm.

For the reasons stated herein, we therefore reverse the order of the trial court finding Haworth in violation of the firearms registration ordinance, vacate Haworth's sentence and affirm the order of the trial court releasing the confiscated firearm.

Reversed and vacated in part; affirmed in part.

BUCKLEY and QUINN, JJ., concur.